NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

DEC 9 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALICIA GERTRUDES PORRAS ATAO, aka ALICIA GERTRUDES PORRAS-ATAO; FRANK MAYTA PORRAS, aka FRANK MAYTA-PORRAS, <br><br> Petitioners, <br><br> v. <br><br> PAMELA BONDI, Attorney General, <br><br> Respondent. | No. 24-926 <br><br> Agency Nos. <br> A240-049-758 <br> A240-049-759 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 18, 2025**
Seattle, Washington

Before: McKEOWN, PAEZ, and DESAI, Circuit Judges.

Alicia Gertrudes Porras Atao (Porras Atao) and her minor son, both citizens

of Peru, petition for review of the denial of their applications for asylum and

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture (CAT).[1]

We have jurisdiction under 8 U.S.C. § 1252. Our review is limited to the Board of Immigration Appeals' (BIA) decision except to the extent that the immigration judge's (IJ) opinion was expressly adopted by the BIA. *Garcia v. Wilkinson*, 988 F.3d 1136, 1142 (9th Cir. 2021). We review factual findings for substantial evidence and questions of law de novo. *Zhi v. Holder*, 751 F.3d 1088, 1091 (9th Cir. 2014).

We grant the petition for review in part, deny it in part, and remand to the BIA for further proceedings consistent with this disposition.

1. **Asylum and Withholding of Removal.**

*a. Past Persecution and Future Persecution.* The IJ and BIA determined that Porras Atao failed to establish that her past harm constituted persecution. The BIA reasoned that the threats directed at Porras Atao were not accompanied by "evidence of violent confrontation or harm" to her or her son. The BIA proceeded to conclude that the harm suffered by Porras Atao's partner, Johnny Mayta Romero (Mayta Romero),[2] did not establish Porras Atao's persecution because it preceded the threats toward Porras Atao by one year and was not directed at her.

---

[1] Porras Atao's son is also a derivative beneficiary of her asylum application. *See* 8 U.S.C. § 1158(b)(3); 8 C.F.R. § 1208.3(a).
[2] Porras Atao was in a relationship with Mayta Romero, the father of her son, for ten years. She referred to him at the hearing as her husband.

This finding is not supported by substantial evidence. The evidence compels the conclusion that Porras Atao suffered past persecution. Death threats alone can constitute persecution. *Flores Molina v. Garland*, 37 F.4th 626, 634 (9th Cir. 2022). We have "repeatedly held that threats may be compelling evidence of past persecution, particularly when they are specific and menacing and are accompanied by evidence of violent confrontations, near-confrontations and vandalism." *Id.* (citation omitted). Further, we have "consistently held" that the murder of a petitioner's family members can support a finding of past persecution. *Parada v. Sessions*, 902 F.3d 901, 909–10 (9th Cir. 2018).

Neither the BIA nor the IJ acknowledged Porras Atao's credible testimony that Mayta Romero was likely murdered by the Taxi Killers—the same group that subsequently threatened her with death. Specifically, after Mayta Romero assisted in a police investigation of one of the Taxi Killers' crimes, he was repeatedly threatened by the group and then shot in the house that he shared with Porras Atao. The Taxi Killers' apparent murder of Mayta Romero, after threatening him for two years, demonstrates that the group had the "will" and "ability" to also kill Porras Atao if she did not comply with their threats. *See Aden v. Wilkinson*, 989 F.3d 1073, 1083 (9th Cir. 2021) (quoting *Kaiser v. Ashcroft*, 390 F.3d 653, 658–59 (9th Cir. 2004)); *see also Del Carmen Molina v. I.N.S.*, 170 F.3d 1247, 1249 (9th Cir. 1999).

The group continued to threaten Porras Atao from 2014 to 2022, even after Porras Atao fled to another province in Peru and to two different locations in Chile, and changed her phone number multiple times. The threats repeatedly warned Porras Atao that she would "end up like [her] husband." The group eventually targeted Porras Atao and her son in person by throwing rocks through the windows of the same house where Mayta Romero was killed, during a fifteen-day period when Porras Atao and her son had returned to the house. This evidence compels the conclusion that the threats to Porras Atao were not "vague," as suggested by the BIA, and that the harm she experienced constituted persecution.

*b. Government's Willingness or Ability to Control the Persecution.* The IJ found that Porras Atao and her son failed to show the government's inability or unwillingness to control their persecutors because: (1) when Mayta Romero filed a police report against the Taxi Killers in 2011, the police did an investigation that led to three arrests; (2) it was "not clear why [Porras Atao] would know" whether the police investigated the report that she filed; and (3) the country conditions evidence did not show that the police were unable or unwilling to provide protection. The BIA affirmed this determination.

This finding is not supported by substantial evidence.[3] In cases of non-government persecution, "we consider whether an applicant reported the incidents to police, because in such cases a report of this nature may show governmental inability to control the actors." *Baballah v. Ashcroft*, 367 F.3d 1067, 1078 (9th Cir. 2004). Here, the IJ determined that the three arrests stemming from Mayta Romero's 2011 police report showed that the police were *willing* to control the Taxi Killers. The IJ failed to consider, however, whether the police were *able* to control the Taxi Killers. *See J.R. v. Barr*, 975 F.3d 778, 782 (9th Cir. 2020) ("The question on this step is whether the government both 'could *and* would provide protection.'") (citation modified); *Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013) (holding that the BIA erred by "focus[ing] only on the Mexican government's willingness to control Los Zetas, not its *ability* to do so") (emphasis in original).

The evidence demonstrates that after the three arrests were made, the Taxi Killers targeted Mayta Romero with death threats. These threats were severe, as they led Mayta Romero to begin carrying a gun for his safety and to report the threats to the police. He was then killed by the Taxi Killers in his own home, compelling the conclusion that the police were unable to control the Taxi Killers.

---

[3] The BIA affirmed the IJ's denial of the son's asylum and withholding of removal claims solely on this basis. Accordingly, our holding on this issue is dispositive of the son's asylum and withholding of removal claims in this petition.

***c. Firm Resettlement Bar to Asylum.*** This issue is exhausted because it was argued in Porras Atao and her son's brief before the BIA, and the BIA "pass[ed]" on the issue when it affirmed the IJ's finding. *See Martinez v. Barr*, 941 F.3d 907, 922 (9th Cir. 2019) (citation omitted).

As to the merits, the IJ found that Porras Atao was statutorily barred from seeking asylum because she was firmly resettled in Chile, as she testified that she received residency status as a result of her employment there in 2018. The BIA affirmed this finding.

The agency erred in applying the firm resettlement bar to Porras Atao's asylum claim because it failed to proceed to the second step of the firm resettlement analysis. *See Arrey v. Barr*, 916 F.3d 1149, 1159 (9th Cir. 2019). The BIA's decision does not address any evidence, or lack thereof, of Porras Atao's tenuous ties to Chile or any restrictions in her residence. The agency was required to consider all relevant evidence and complete the two-step analysis. *See id.*

For the above reasons, we remand to the agency to reconsider Porras Atao's and her son's claims for asylum and withholding of removal consistent with this disposition.

**2. CAT Relief.** Porras Atao and her son forfeited this claim by failing to

24-926

meaningfully challenge the agency's denial of CAT relief in their opening brief. *See Martinez-Serrano v. I.N.S.*, 94 F.3d 1256, 1259 (9th Cir. 1996). We therefore deny the petition insofar as it seeks review of Porras Atao's and her son's applications for CAT relief.

**3. Due Process in a Pro Se Proceeding.** As remand is required on alternative grounds, we do not address Porras Atao and her son's due process claim.

**PETITION GRANTED IN PART; DENIED IN PART; REMANDED.**

The parties shall bear their own costs for this appeal.